Wesley **CONLEY** et al., Appellants,

v.

Floyd **NAPIER** et al., Appellees.

Court of Appeals of Kentucky.

May 29, 1959.

Rehearing Denied Dec. 18, 1959.

Peter, Heyburn & Marshall, Gavin H. Cochran, Louisville, for appellants.

Lay & Knuckles, Grant F. Knuckles, Pineville, Jo M. Ferguson, Atty. Gen., for appellees.

WADDILL, Commissioner.

Appellee, Floyd Napier, sustained an injury to his left ankle during the course of his employment with the appellants, Wesley Conley and others, d/b/a Liberty Coal Company. The injury consisted of a compound fracture of the fibula and contusions, with a resultant limitation of the motion of the left foot and leg.

At the time of the injury Napier was twenty-four years old. He had been employed by appellants for approximately nine months prior to his injury. On February 24, 1956, his left ankle was fractured when it came into contact with a loaded mine car. Napier was immediately treated by Dr. C. C. Rutledge. A cast was applied to the foot and ankle. On May 9, 1956, the cast was removed, and he received further treatment until August 30, 1956. On the latter date, according to Dr. Rutledge, the fracture had healed, with only a "slight widening of the ankle mortis, but not enough to cause any trouble." Dr. Rutledge testified that Napier's disability was between 15 and 20 per cent to the leg, or about one-half that amount to the body as a whole.

Three other physicians examined Napier after his injury had healed. Dr. Adam Stacy testified that his examination revealed a healed fracture of the left fibula just above the ankle joint; that Napier's injury had caused an "ankle drop" which indicated an injury to the dorsal nerve in the front part of the leg and into the left foot. Dr. Stacy stated that movement of the ankle would produce pain, and that in his opinion Napier was totally and permanently disabled from performing work in a coal mine.

Dr. Charles B. Stacy testified that his examination of Napier revealed a deformity of the left ankle and a healed fracture of the fibula at a place located approximately one and one-half inches above the left ankle joint. Dr. Stacy stated that Napier cannot walk or climb without suffering some pain, and that he thinks Napier is permanently disabled from performing manual labor that requires the use of his left foot. Dr. Stacy was of the opinion that Napier had 50 per cent disability to the lower left leg.

Dr. Marion G. Brown, an orthopaedic surgeon, testified that his examination revealed a healed fracture of the lateral malleolus, with a moderate separation between the tibia and fibula and that Napier was suffering from 20 per cent disability to the lower extremity or about 10 per cent disability to the body as a whole.

Napier testified that the injury caused him considerable pain and that he was unable to perform manual labor which required the constant use of his left foot. He admitted, however, that since the injury he had been employed by John Asher, a lumber dealer, to operate a power saw and that he held this job for about four months. He also conceded that he had been able to cultivate a "garden."

The Workmen's Compensation Board decided that Napier was totally disabled from February 24, 1956, to July 7, 1956, and that he was thereafter permanently partially disabled to the same extent "as if his injured foot had been severed." The Board awarded Napier compensation for temporary total disability from February 24, 1956, to July 7, 1956, and thereafter compensation for permanent partial disability, under KRS 342.110, for 125 weeks (that being the maximum award which Napier could have recovered under KRS 342.105(18), if he had lost a foot by severance).

Pursuant to KRS 342.285, Napier appealed to the Leslie Circuit Court contending that: (1) The award for permanent partial disability was erroneous because the evidence conclusively established that the in-

jury and disability extended beyond the foot, and consequently, the award should not be limited by KRS 342.105(18) to the loss of a foot; and, (2) the Board erred in failing to find that he was totally and permanently disabled in view of the fact that there was evidence that the injury had permanently impaired his earning power as a laborer and his opportunities to obtain employment.

The circuit court sustained Napier's contentions and entered judgment remanding the case to the Workmen's Compensation Board with directions to enter an award for total disability. Conley and others have prosecuted this appeal urging a reversal of the judgment and seeking confirmance of the award of the Workmen's Compensation Board on the grounds that: (1) The Board's findings of fact, which determined the extent or per cent of Napier's disability, were supported by evidence of probative value and were therefore not reviewable by the court; and, (2) the Board correctly limited the award for permanent partial disability, under KRS 342.110, to the maximum compensable period allowable, under KRS 342.105(18), for the loss of a foot by severance.

Awards for permanent partial disability under the Workmen's Compensation Act are controlled by KRS 342.105 and 342.110. The former section provides compensation for certain enumerated injuries, while the latter section provides compensation for permanent partial disability from injuries which affect the body as a whole. Awards under KRS 342.110 are measured, however, pursuant to a provision of this statute which limits the compensable period as follows: "In no event shall compensation for an injury * * * to a member exceed the amount allowable for the loss of such member" (under the provisions of KRS 342.105).

The testimony concerning the extent or per cent of Napier's disability ranged from total permanent disability to permanent partial disability of only 15 per cent to the left leg and 7½ per cent to the body as a whole. Hence, there was substantial evidence to support the findings of the Board that, following the period of temporary total disability, Napier sustained a permanent partial disability to the body as a whole. The Board, however, erroneously limited the compensable period of permanent partial disability to the number of weeks allowable under KRS 342.105(18) for the loss of a foot by severance. Since the proof conclusively established that the injury that Napier sustained extended beyond his left foot, the award for the disability compensable under KRS 342.110 was limited only by KRS 342.105(19) to the number of weeks allowable for the loss of a leg, instead of the period provided for by KRS 342.105 (18) for the loss of a foot.

Other questions raised by the parties have been considered and found to be without merit.

The judgment is reversed, with directions to the circuit court to remand the case to the Workmen's Compensation Board for the entry of a correct award.